the present value of the interest in said block, purchased from the Lownsdale heirs; and further, to ascertain the amount due upon the note and mortgage to Catlin, and also to Frances Young, and that the clerk of this court be appointed special master to execute this order. On January 9, 1868, upon the report of the special master, there was a final decree dismissing the bill.

## Case No. 3,891.

### DICK et al. v. LAIRD.

[4 Cranch, C. C. 667.][1]

Circuit Court, District of Columbia. Nov. Term, 1835.

RECEIVERS FOR PARTNERSHIP — CREDITOR'S BILL.

Upon a creditor's bill against the surviving partner of a mercantile firm, a receiver may be appointed.

This was a bill in equity by creditors against the surviving partner of the firm of John Laird & Son, for a settlement of the partnership accounts, &c., and for the appointment of a receiver.

The counsel for the plaintiffs cited Bloodgood v. Clark, 4 Paige, 576; Vann v. Barnett, 2 Brown, Ch. 158; Creuze v. Bishop of London, Id. 253; Philips v. Atkinson, Id. 272; Jenkins v. Jenkins, 1 Paige, 243; Osborn v. Heyer, 2 Paige, 342; Harding v. Glover, 18 Ves. 281.

The answer admitted all the material facts of the bill.

THE COURT (nem. con.) ordered a receiver to be appointed, and to give security in the sum of $10,000.

[NOTE. For decision on the merits of this case, see Case No. 3,892.]

## Case No. 3,892.

### DICK v. LAIRD.

[5 Cranch, C. C. 328.][1]

Circuit Court, District of Columbia. Nov. Term, 1837.

FACTORS—ADVANCES TO PARTNERSHIP — APPLICATION OF CONSIGNMENTS — POWER OF SURVIVING PARTNER.

1. Where, during a long period of mercantile intercourse between the principal and factor, it appeared that the principal was permitted, upon shipments of tobacco, to draw bills for the estimated value thereof, which bills the factor was in the habit of accepting and paying, whether the cargoes were, or were not sold; the factor being generally in advance, and charging interest upon his advances, and giving credit for interest upon the net proceeds of the cargoes, shipments made, after the dissolution of the firm of the principal, by the death of one of the partners, to the factor, (upon the credit of which shipments bills were drawn by the surviving partner, according to the usual course of their former dealing,) were held to have been made according to such usual course, and were not to be applied to the liquidation of the gen-

[1] [Reported by Hon. William Cranch, Chief Judge.]

eral debt due by the principal to the factor at the time of the dissolution; but were to be applied, in the first place, to meet the bills drawn upon the credit of such shipments; and the surplus only, if any, to be applied to the liquidation of the general balance due by the principal to the factor.

2. But if the bills thus drawn by the surviving partner, and paid by the factor, exceeded the net proceeds of the cargoes thus shipped after the dissolution of the firm, the excess was not chargeable to the estate of the firm, but to the survivor only; it not being competent for him to charge the estate of the firm, by drawing bills after the dissolution.

Bill in equity by Elizabeth Dick, in behalf of herself, and such other creditors of the late firm of John Laird & Son, and of John Laird, as shall choose to be made parties, and contribute to the expenses of the suit; against William Laird, surviving partner of the firm of John Laird & Son, and sole executor of the will of John Laird, deceased. The bill seeks to charge the joint effects in the hands of the surviving partner, and the separate estate of John Laird, deceased, in the hands of his executor, and for an account, and for a receiver, &c. The cause came before the court, upon an exception to the auditor's report, disallowing a claim of James Dunlop & Company, of London, for a balance of £5,020. 2s. against the effects of the late firm of John Laird & Son, in the hands of William Laird, the only surviving partner.

The case was argued by Mr. Redin, for Dunlop & Co., who cited Hammonds v. Barclay, 2 East. 227, that an acceptor has a lien on the shipments; and Hammersley v. Lambert, 2 Johns. Ch. 508, that dealing with a surviving partner does not discharge the old firm.

Mr. Marbury and Mr. Key, contra, cited Dob v. Halsey, 16 Johns. 34, Campbell v. Mathews, 6 Wend. 551, and Evernghim v. Ensworth, 7 Wend. 326, that a partner has no right to pay his private debts with partnership funds. Clayton's Case, 1 Mer. 572, 604, that if the creditor has kept a continuous account after the death of one of the debtor partners, the subsequent payments are to be applied to the extinguishment of the old debt. Simson v. Ingham, 2 Barn. & C. 65, S. P.; Pemberton v. Oakes, 4 Russ. 154, 168; Abel v. Sutton, 3 Esp. 108; Lansing v. Gaine, 2 Johns. 303; Sandford v. Mickles, 4 Johns. 227; Devaynes v. Noble, 1 Mer. 602; and Brice's Case, Id. 620, —that the surviving partner had no right to draw bills so as to create a new obligation upon the old firm. They contended, also that Dunlop & Company were bound to apply the proceeds of the joint property shipped after the dissolution of the firm, to extinguish the debt of the firm, and should have charged the bills of William Laird, drawn after the dissolution, to his separate account. The bills were not drawn specifically upon the credit of any particular shipment, but